# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT LANE, | ) | CASE NO. 1:19CV593 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| MS. BURKHART, et al., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Complaint of Plaintiff Vincent Lane ("Plaintiff"), an Ohio prisoner currently incarcerated at the Ross Correctional Institution, brought against defendants Ms. Burkhart, Mr. Rose, Richland Correctional Institution ("RCI"), and Karen Stantford (collectively "Defendants"). (ECF DKT #1).

For the reasons that follow, this action is dismissed.

## I. BACKGROUND

Plaintiff identifies the cause of action in this case as "fraud." (*See* ECF DKT # 1-7). Plaintiff states that on April 28, 2018, he was found to be in possession of a knife that was made from his DonJoy knee brace ("Brace"). He claims that on that date, two correctional officers removed the Brace from his knee and marked it as an exhibit. Plaintiff pleaded guilty to the "charge."[1]

---

[1] Plaintiff does not specify the nature of the charge or where the charge was brought.

Plaintiff states that Mr. Rose (Institutional Inspector) was provided with a statement from "Prosthetic & Orthotic" that indicated the cost of the Brace was $800.00, but Plaintiff claims that the statement is for a different brace than the Brace at issue. He contests the cost of the Brace and claims that RCI refused to provide the documentation he requested regarding that cost.

Plaintiff expressly states that he is not asking the Court to overturn the Rules Infraction Board ("RIB") ruling regarding possession of the knife, but asks this Court to allow him "to pay for the correct brace." For relief, Plaintiff asks that defendants Burkhart and Stanforth be required to pay the filing fee because they could have corrected the wrong related to the cost of the Brace, and to apologize because both were "very dishonest" regarding the cost of the Brace. (*See* ECF DKT #1 at 3-5).

According to the Complaint, Plaintiff sued the Defendants in the Ohio Court of Claims, Case No. 2018-01446AD, regarding the same facts. Plaintiff sates that the Court of Claims case was "dismissed with prejudice." (*Id*. at 1-2).

## II. DISCUSSION

**A. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also

governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.").

Pleadings and documents filed by *pro se* litigants are "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, *pro se* plaintiffs must still satisfy basic pleading requirements and the Court is not required to conjure allegations or claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**B. The Court Lacks Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted).

Generally speaking, the Constitution and Congress have given federal courts authority over a case only when the case raises a federal question or when diversity of citizenship exists

between the parties. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). Plaintiff, as the party bringing this action in federal court, bears the burden of establishing the Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

The first type of jurisdiction relies upon the presence of a federal question. 28 U.S.C. § 1331. Federal question jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In determining whether a claim arises under federal law, the Court looks to the well-pleaded allegations of the Complaint. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citation omitted). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d 468, 475 (6th Cir. 2008) (citation omitted).

Plaintiff is proceeding *pro se* and, therefore, enjoys the benefit of a liberal construction of the Complaint. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). But even with the benefit of liberal construction, Plaintiff has not alleged a federal question and none is apparent on the face of the Complaint.

The second type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between citizens of different States. 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must show that he is a citizen of one state and all of the defendants are citizens of other states. There are no allegations in the Complaint from which this

Court may infer the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff has not established a basis for the Court's subject matter jurisdiction over this case. In the absence of a cognizable federal question or a claim over which this Court may exercise diversity jurisdiction, the Court must dismiss this action for lack of subject matter jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction").

## B. Plaintiff's Claim is Barred by Ohio Law

Even if Plaintiff had met his burden to establish the Court's subject matter jurisdiction, this action would still be dismissed. Plaintiff alleges that he brought an action in the Ohio Court of Claims addressing the same facts against the same defendants as in this action. (ECF DKT # 1 at 1). According to the Complaint, that case was dismissed with prejudice. (*Id*. at 2).

"A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state." *Borkowski v. Fremont Inv. & Loan of Anaheim, Cal*., 368 F. Supp. 2d 822, 828 (N.D. Ohio 2005) (citing 28 U.S.C. § 1738; *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 744 (6th Cir. 2002)). "Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit." *Id*. (citing *Nat'l Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990)). Accepting Plaintiff's statements in the Complaint as true, the Ohio Court of Claims has rendered a judgment on Plaintiff's claims against Defendants concerning the Brace, and he may not relitigate those claims in federal court.[2]

---

[2] By filing suit in the Ohio Court of Claims, Plaintiff may also have waived his right to file the instant action in federal court. Ohio Rev. Code § 2743.02(A)(1) provides in relevant part:

5

## III.  CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and closed.  Plaintiff's motions regarding records and evidence related to the Complaint are moot, and denied as such.  (ECF DKT # 4 and 5).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

    s/  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:**  November 6, 2019

---

Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

*See Hamilton v. Wilkinson*, No. 2:07CV979, 2008 WL 926628, at *3 (S.D. Ohio Apr. 4, 2008)("Both the Sixth Circuit and this Court have held that this waiver provision precludes federal § 1983 actions based upon the same acts or omissions asserted in a court of claims.") (citing *Leaman v. Ohio Dept. of Mental Rehabilitation and Developmental Disabilities*, 620 F. Supp. 783 (S.D. Ohio 1985), *aff'd en. banc*. 825 F.2d 946 (6th Cir.1987)).